## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5631 | DATE | 7/27/2004 |
| CASE TITLE | Daniel & Raizel Taubenfeld vs. AON Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Leave to File Memoranda in Excess of Fifteen Pages

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) □ Brief in support of motion due _____.
(3) □ Answer brief to motion due_____. Reply to answer brief due_____.
(4) □ Ruling/Hearing on _____ set for _____ at _____.
(5) □ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) □ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) □ Trial[set for/re-set for] on _____ at _____.
(8) □ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) □ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  □ FRCP4(m)  □ Local Rule 41.1  □ FRCP41(a)(1)  □ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion for leave to file memoranda in excess of 15 pages is granted. Fairness Hearing held. The Motion for Final Approval of Class Action Settlement and Plan of Allocation is granted, for the reasons stated in open court. Plaintiff's Application for an Award of Attorneys' Fees and Reimbursement of Expenses is granted. Enter Revised Final Order and Judgment. The Lead Plaintiff's Counsel are hereby awarded the sum of $2,100,000 in fees, which the Court finds to be fair and reasonable, and $111,054.06 in reimbursement of expenses.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JYM | 48 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 2004 JUL 28 AM 8:00 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

---------------------------------------x
:
DANIEL TAUBENFELD and RAIZEL :
TAUBENFELD, individually and on behalf of all : Civil Action No.: 02 CV 5631
others similarly situated :
:
Plaintiff, :
:
v. :
:
AON CORPORATION, PATRICK G. RYAN, and :
HARVEY N. MEDVIN, :
:
Defendants. :
---------------------------------------x

DOCKETED
JUL 2 8 2004

### REVISED FINAL ORDER AND JUDGMENT

On the 27th day of July, 2004, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 13, 2004 (the "Securities Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Consolidated Securities Action now pending in this Court under the above caption, including the release of the Defendants and the other Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Consolidated Securities Action on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses in *Taubenfield v. Aon, et al.*, Case No. 1:02 CV 5631; and (5) whether and in what amount to award Derivative Counsel fees and reimbursement of expenses in

the Derivative Action, *Stern v. Ryan, et al.*, Case No. 03 C9079. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or acquired the common stock of Aon Corporation during the period from May 4, 1999 through and including August 6, 2002 (the "Class Period"), and who are alleged to have suffered a loss thereby, except those persons or entities excluded from the definition of the Class, as shown by the records of Aon's transfer agent, at the respective addresses set forth in such records, and including those additional members of the Class identified by nominee owners to the Claims Administrator as set forth in the Affidavit of ~~Shandese Garr~~ Jack Di Giovanni dated July 16, 2004, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of <u>The Wall Street Journal</u> pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Securities Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Consolidated Securities Action, the Plaintiffs, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class representatives are typical of the claims of the Class they seek to represent; (d) the Class representatives have and

will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased or acquired the common stock of Aon Corporation during the period from May 4, 1999 through and including August 6, 2002, and who allegedly suffered a loss thereby. Excluded from the Class are the Defendants and all present and former officers and directors of Aon, members of the immediate families (parents, spouses, siblings, and children) of each of the Individual Defendants, each Defendant's legal representatives, heirs, successors or assigns and any entity in which any Defendant has had a controlling interest. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit A annexed hereto. The Court finally appoints as Class representative Lead Plaintiff Caldwell & Orkin. As set forth in the Affidavit of Representative of The Garden City Group dated July 16, 2004, notice of the pendency of this Consolidated Securities Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The Court finds and concludes that notice was given to members of the Class in compliance with the Court's Preliminary Approval Order. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due

process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court finds and concludes that the Settlement is fair, reasonable and adequate and in the best interests of the Class, approves the Settlement, adopts the terms of the Settlement, and directs the parties to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5. Pursuant to this Final Order and Judgment, upon the Effective Date of the Settlement, the Lead Plaintiff and each of the other Class Members on behalf of themselves, its or their heirs, executors, administrators, successors and assigns (the "Releasors") shall release and forever discharge, and shall forever be enjoined from prosecuting any and all claims and rights relating to the purchase or acquisition of Aon common stock during the Class Period, or any other allegation in the Consolidated Securities Action, whether known or unknown, against any or all of the Released Parties, belonging to Lead Plaintiff or any or all other members of the Class and their present or past heirs, executors, estates, administrators, predecessors, successors, and assigns arising under federal, state, local statute, rule, regulation, or common law, including the law of any foreign jurisdiction, that relate in any way to the facts, statements, or omissions alleged in the Consolidated Securities Action (the "Settled Claims") against the Defendants (including Aon, Medvin, Ryan and O'Halleran), individually and collectively and each of its or their respective past or present heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, officers, partners, principals, members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, other representatives of any of the

Defendants, or any person acting on its or their behalf (the "Released Parties"). "Settled Claims" shall not be deemed to include any potential claim against the Released Parties that may exist under the Employee Retirement Income Security Act of 1974, 29 U.S.C. sec. 1001, *et seq.* (ERISA) to recover alleged losses that may have been sustained by any employee pension benefit plan sponsored by Aon and qualified under ERISA (including the Aon Savings Plan and the Aon Pension Benefit Plan (collectively, the "Plans")). Nothing in this definition shall be deemed to create or acknowledge the existence or validity of any claim (including any ERISA claim on behalf of the Plans) or limit any defense to any such claims.

6. Pursuant to this Final Order and Judgment, upon the Effective Date of the Settlement, the Released Parties shall release and forever discharge, and shall forever be enjoined from prosecuting, any and all Settled Claims relating to the purchase of Aon securities during the Class period, whether known or unknown, against any or all of the Released parties, belonging to Lead Plaintiff or any or all other members of the Class and their present or past heirs, executors, estates, administrators, predecessors, successors, and assigns arising under federal, state, local statutory or common law, rule or regulation, including the law of any foreign jurisdiction, that relate in any way to the facts, statements or omissions alleged in the Complaint.

7. Pursuant to this Final Order and Judgment, upon the Effective Date of the Settlement, the Released Parties shall release and forever discharge, and shall forever be enjoined from prosecuting, any and all Claims arising from or relating to the Settled Claims against any other Released Party, including, without limitation, (i) all Claims for contribution under Section 11(f) of the Securities Act of 1933; (ii) all Claims for contribution under Sections 21D(f)(7)(A) and 21D(f)(10)(C) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77k(f)(2), 78u-4(f)(7)(A) and 78u-4(f)(10)(C); and (iii) any other Claims

for contribution under statutory law, common law, or any other law, rule or regulation (whether federal, state, local, foreign or otherwise).

8. Notwithstanding anything to the contrary set forth in ¶9, the Individual Defendants and their respective successors and assigns expressly reserve the right to bring Claims arising from or relating to the funding of the Settlement Fund against Aon and/or its successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, officers, partners, principals, members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, or other representatives.

9. Pursuant to this Final Order and Judgment, the Securities Stipulation (including all of its terms and provisions), the negotiations or proceedings relating thereto, and the documents and statements referred to therein shall not be:

(a) shall not be offered or received against the Defendants (or any of the defendants in the Derivative Actions) as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants (or any of the defendants in the Derivative Actions) with respect to (i) the truth of any fact alleged by Plaintiffs in the Consolidated Securities Action or the Derivative Actions, or (ii) the validity of any claim that was or could have been asserted in the Consolidated Securities Action or the Derivative Actions or in any other litigation or proceeding, or (iii) the deficiency of any defense that was or could have been asserted in the Consolidated Securities Action, the Derivative Actions, or in any other litigation or proceeding, or (iv) of any liability, negligence, fault, or wrongdoing of the Defendants (or any of the defendants in the Derivative Actions);

(b) shall not be offered or received against the Defendants (or any of the defendants in the Derivative Actions) as evidence of a presumption, concession or admission of

any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant (or any of the defendants in the Derivative Actions), or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) shall not be offered or received against the Defendants (or any of the defendants in the Derivative Actions) or against the Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Securities Stipulation, in any other civil, criminal, administrative or other proceeding, other than such proceedings as may be necessary to effectuate or enforce the provisions of this Securities Stipulation; provided, however, that if this Securities Stipulation is approved by the Court, Defendants may refer to it to effectuate or enforce the releases or any other rights, terms or provisions set forth herein, and to that end may use this Securities Stipulation or the Final Order and Judgment in any action or other proceeding to support a defense, claim, counter-claim or cross-claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar claim, defense, counter-claim or cross-claim;

(d) shall not be construed against the Defendants (or any of the defendants in the Derivative Actions) or the Plaintiffs and the Class as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims

are without merit or that damages recoverable under the Consolidated Securities Action would not have exceeded the Settlement Fund.

10. The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiff's Counsel and the Claims Administrator are directed to administer the Securities Stipulation in accordance with its terms and provisions.

11. The Court permanently bars and enjoins the Lead Plaintiff, the Class and all other Releasors from commencing or prosecuting, either directly or indirectly, any Settled Claims in this or any other forum against any or all of the Released Parties.

12. Pursuant to Section Section 21D(f)(7)(A) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. § 78u-4(D)(f)(7)(A), the Court permanently bars and enjoins any person from bringing a claim for contribution against any or all of the Released Parties.

13. The Court dismisses the Consolidated Securities Action against the Defendants with prejudice and without costs except as provided for in this Final Order and Judgment.

14. The Court finds and concludes, pursuant to Section 27(c)(1) of the Securities Act of 1933 and Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-1(c)(1), 78u-4(c)(1), that Plaintiffs, Plaintiffs' Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15. This Final Order and Judgment, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Final Order and Judgment and the Settlement, shall not constitute any evidence, or an admission by any of the Defendants or the other Released Parties, that any acts of wrongdoing have been committed and shall not be

deemed to create any inference that there is any liability on the part of any of the Defendants or the other Released Parties.

16. The Final Order and Judgment, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Final Order and Judgment and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal in the United States or any other country except as necessary to enforce the terms of the Final Order and Judgment and/or the Settlement.

17. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Order and Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Final Order and Judgment (except this Paragraph) shall be null and void, the Settlement (except Paragraphs 8(a), 10 and 35 of the Securities Stipulation) shall be deemed terminated, and the parties shall return to their pre-settlement positions as provided for in the Securities Stipulation.

18. Lead Plaintiff's Counsel are hereby awarded the sum of $ 2,100,000 in fees, which the Court finds to be fair and reasonable, and $ 111,054.06 in reimbursement of expenses, which amounts shall be paid to Lead Plaintiff's Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion, which in the opinion of Lead Plaintiff's Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

19. Consistent with the Order and Final Judgment being entered contemporaneously herewith in the Derivative Actions, *Bernard Stern derivatively, and on behalf of Aon v. Patrick G. Ryan, et. al.*, filed in Circuit Court of Cook County, Chancery Division, and *Bernard Stern, derivatively, and on behalf of Aon v. Patrick G. Ryan, et al.*, Case No. 03 C9079, filed in the Northern District of Illinois, Derivative Counsel is hereby awarded the sum of $ 250,000 in fees, which the Court finds to be fair and reasonable.

20. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Consolidated Securities Action, including the administration, interpretation, effectuation or enforcement of the Securities Stipulation and this Final Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

21. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Securities Stipulation.

22. There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: Chicago, Illinois
July 27, 2004

HARRY D. LEINENWEBER, U.S.D.J.

CHI:1306876.1